IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BABAESU BEY, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
|     v. | : | |
| | : | |
| GERALD ROZUM, et al. | : | NO. 13-325 |
|     Respondents. | : | |

**MEMORANDUM**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                      June 11, 2015

Before the Court for Report and Recommendation is the petition of Babaesu Bey ("Bey" or "Petitioner") for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Bey is currently incarcerated at the State Correctional Institution Somerset in Somerset County, Pennsylvania[1], serving a life sentence follow by ten to twenty years for his 2004 conviction of first degree murder, attempted murder, violation of the Uniform Firearms Act, possession of an instrument of crime, aggravated assault, and recklessly endangering another person. By his petition Bey asserts that he is entitled to habeas relief by virtue of his claims of a denial of the right to a speedy trial, certain due process violations, a denial of his right to change his appointed counsel, a denial of his right to effective counsel, a denial of his right to an impartial jury, and a denial of his right to compulsory process.

As set out below, Bey's Petition was not filed within the period set forth by statute. We are filing this Memorandum in support of our order to Petitioner to show cause why we should not recommend this matter be dismissed as untimely.

---

[1] Although Petitioner is currently confined in the Western District of Pennsylvania, which includes Somerset County, see 28 U.S.C. § 118(c), venue is proper here pursuant to 28 U.S.C. § 2241(d) in that his confinement grew out of a prosecution and conviction in the Court of Common Pleas of Philadelphia County within the Eastern District of Pennsylvania.

1

I.  FACTUAL AND PROCEDURAL BACKGROUND

Bey's jury trial took place between December 4 and December 15, 2003.  He was convicted of the enumerated offenses.  Following the convictions, he failed to appeal in a timely manner, allegedly due to ineffectiveness of his trial counsel.  His direct appeal rights were however reinstated via Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 et. seq., on January 7, 2005.  (State Ct. Rec.)   He then pursued his appeal to the Superior Court[2], where, on September 21, 2007, it was denied.  *Commw. v. Bey*, 437 EDA 2005 (Sep. 21, 2007).  On April 28, 2008, his timely petition to the Pennsylvania Supreme Court for allowance of appeal was also denied.  (State Ct. Rec.)

Bey then sought collateral review through the PCRA process.  His petition, with appended brief, was docketed on October 31, 2008, although postmarked October 29, 2008.  (*Id.*)  On February 9, 2010, the PCRA court denied it.[3]  (State. Ct. Rec.)  Bey appealed that decision[4] to the Superior Court, where, on August 11, 2011, the dismissal was affirmed.  *Commw. v. Bey*, 549 EDA 2010 (Aug. 11, 2011).  Bey petitioned the Pennsylvania Supreme Court for allowance of appeal.  That petition was denied on April 10, 2012.  (*Id.*)

Bey then filed his "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody", ("Petition", Doc. No. 1), with appended brief. ("Habeas Brief", Doc. No. 1-1), Although the date of signing was January 9, 2013, it was  docketed on January 18, 2013.  Respondents' "Response to Petition for Writ of Habeas Corpus" was docketed on August 30, 2013.  (Doc. No. 9.)  Petitioner filed "Petitioner's Reply to Respondent's Answer to Petition for Writ of Habeas Corpus", which was docketed on December 26, 2013.  (Reply, Doc. No. 14.)

---

[2] Bey's counsel on appeal petitioned to withdraw from the representation; however, the petition was ultimately denied by the Superior Court.  *Commw. v. Bey*, 437 EDA 2005 (Oct. 20, 2006.)

[3] The PCRA court also granted his PCRA's attorney motion to withdraw as counsel in that order.

[4] We note that Bey's Notice of Appeal is dated February 5, 2010, five days before the PCRA court denied him relief.

## II. DISCUSSION

Based on the record before us, it appears that the Petition is untimely. While Respondent has yet to assert that the limitations period would bar relief and Petitioner has not had a full opportunity to address the question, the caselaw is clear that we may address the issue notwithstanding the government's failure to raise it. *See Long v. Wilson*, 393 F.3d 390, 403 (3d Cir. 2004) ("We think it plain that a federal magistrate judge may raise the AEDPA statute of limitations issue in a Report and Recommendation after an answer has been filed."); *United States v. Bendolph*, 409 F.3d 155, 166 (3d Cir. 2005) (noting that "upon finding a potential AEDPA statute of limitations problem in a habeas case arising under 28 U.S.C. §§ 2254 or 2255, a court may act *sua sponte* at any point in the proceedings, regardless of the government's position, provided the court (i) gives notice of the issue and an opportunity to respond; and, (ii) if the case has passed the Rule 4 stage, also analyzes the prejudice components of Rule 15(a) and *Long* that we reaffirm today.") In addressing timeliness, this Memorandum and its attendant Order will reflect that we are providing Petitioner an opportunity to only address timeliness but also any prejudice that may result from the raising of the issue at this stage in the process. *See Bendolph*, 409 F.3d at 166.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d)(1). The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In Bey's case, the statute of limitations began to run on July 27, 2008, ninety days after April 28, 2008, the date when the Pennsylvania Supreme Court denied his petition for allowance on appeal.[5] *See* 28 U.S.C. § 2244(d)(1)(A); *Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999) ("[I]f a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires. A defendant has 90 days from the date on which the court of appeals affirms the judgment of conviction to file a petition for a writ of certiorari."). 92 days passed between July 27, 2008, the date his conviction became final, and October 28, 2008, the date when his PCRA petition was "filed", accepting Bey's assertion that he gave his petition to the prison officials on that date.[6] *Commw. v. Little*, 716

---

[5] None of the alternative start dates concerning the statute of limitations, as set out in 28 U.S.C. § 2244(d)(1)(B)-(D), apply.

[6] In Bey's Petition he asserts he filed his PCRA petition, which was postmarked October 29, 2008, on October 28, 2008. (Petition, Doc. No. 1, at 25-26. At this juncture we give Petitioner the benefit of the doubt and read this as,

A.2d 1287, 1288 (Pa. Super. Ct. 1998) (prisoner mailbox rule applies to PCRA petitions); *see also Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("we hold that a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court"). The limitations period was then tolled until April 10, 2012, the date when the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See* 28 U.S.C. 2244(d)(2); *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (internal quotation marks omitted) ("a state postconviction application remains pending until the application has achieved final resolution through the State's postconviction procedures" and is not pending during the pendency of a petition of a writ of certiorari to the Supreme Court). As of April 10, 2012, Bey had 273 days left to file his habeas petition, mandating that it be filed by January 8, 2012.

While Bey's petition was docketed on January 18, 2013, he asserts that he placed it in the prison mailing system on January 9, 2013. (Petition, Doc. No. 1, at 27.) In that the statute of limitation had run on January 8, 2013, it is untimely by a single day.[7] Accordingly, based on the record before us, Bey's petition would have to be dismissed unless he can show extraordinary circumstances justifying equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In order to ensure that this issue is developed and that Petitioner has an opportunity to be heard on the timeliness of his petition prior to our filing of a Report and Recommendation, we will give Bey an opportunity to show cause why his petition should not be dismissed as time-barred, including the opportunity to offer any claim of prejudice caused by our raising of the timeliness issue. *See Bendolph*, 409 F.3d at 169.

A separate order follows.

---

consistent with the prisoner mailbox rule, to be a reference to his providing prison officials his PCRA petition to mail on his behalf on that date.

[7] January 8, 2013 and January 9, 2013 were both weekdays.

BY THE COURT:


/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE